UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY G. PHILPOT,              )<br>                                             )<br>           Plaintiff,           )<br>                                             )<br>     vs.                        )           No. 1:14-cv-01791-TWP-TAB<br>                                             )<br>WUIS/UNIVERSITY OF ILLINOIS,   )<br>SPRINGFIELD,                    )<br>                                             )<br>           Defendant.           ) | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant WUIS's motion to dismiss Plaintiff Larry G. Philpot's lawsuit.  Philpot is an Indianapolis-based photographer who filed this copyright infringement action against WUIS, a University of Illinois radio station.  Philpot claims that WUIS posted on its website without permission Philpot's licensed photo of Willie Nelson.  In response, WUIS filed its motion to dismiss.  WUIS asserts that dismissal is appropriate for a number of reasons, most notably because the Court lacks personal jurisdiction over WUIS.  The Magistrate Judge agrees.  Set forth below is the Magistrate Judge's recommended decision that WUIS's motion to dismiss [Filing No. 10] be granted.

WUIS asserts dismissal is appropriate because the Court lacks jurisdiction over the radio station.  Federal Rule Civil Procedure 12(b)(2) requires a cause of action be dismissed when the Court lacks personal jurisdiction over the defendant.  While a plaintiff's complaint need not include facts alleging personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction if a defendant moves to dismiss the action for lack of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003).  When

the Court rules only on the basis of the parties' written submissions, the plaintiff need only make a prima facie case of personal jurisdiction. *Id.* Under a prima facie standard, the "plaintiff is entitled to the resolution in his favor of all disputes concerning relevant facts presented in the record." *Id.*

Philpot brings his lawsuit under the Copyright Act, a federal statute that does not authorize nationwide service of process. Under such circumstances, the forum state's laws govern personal jurisdiction. Indiana Trial Rule 4 serves as Indiana's long-arm provision, and it "reduces analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process." *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 800 (7th Cir. 2014) (quoting *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006)). Thus, the Court need only consider due process in determining whether it has personal jurisdiction over WUIS. *Portee v. Cleveland Clinic Foundation Care of CT Corp. System*, No. 1:13-cv-1582-SEB-TAB, 2014 WL 3741002, at *1 (S.D. Ind. July 28, 2014).

Two categories of personal jurisdiction exists, general and specific jurisdiction. Under specific jurisdiction, a defendant must have such minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" under due process. *Advanced Tactical,* 751 F.3d at 800. In other words, defendant's conduct and connection with the forum state must be such that the defendant could anticipate being haled into the forum state's courts with respect to the matter at issue. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985). Specific jurisdiction is not dependent on the unilateral activity of the plaintiff, but on whether defendant purposefully availed itself of the privilege of conducting activities within the forum state. *Id*. at 475. Indeed, the Court focuses on

defendant's deliberate actions to target or direct itself toward the forum state. *Advanced Tactical,* 751 F.3d at 803.

Philpot's complaint concerns a news article on Willie Nelson that was posted on the WUIS website. However, WUIS argues that its website does not otherwise establish specific jurisdiction because WUIS does not have minimum contact with Indiana. As WUIS asserts in its brief and supporting evidence, WUIS is not located in Indiana, has no office or employees in Indiana, is not incorporated in Indiana, and is a public institution in Illinois that caters to Illinois. [Filing No. 11, at ECF p. 8-9, Filing No. 11-1.] Philpot points to WUIS's participation in TuneIn.com, a website that allows radio stations to broadcast worldwide, as evidence that WUIS targeted Indiana's market. As a member of TuneIn.com, Philpot asserts that WUIS receives a share of the revenue generated by TuneIn.com's advertisements. Along a similar vein, Philpot asserts that WUIS targeted the Indiana market by broadcasting NPR's news content. To support these assertions, Philpot provides screen shots of TuneIn.com's WUIS radio stations and WUIS's NPR broadcasts. [Filing No. 20-2; Filing No. 20-10.]

Even assuming that Philpot's assertions regarding WUIS's participation in TuneIn.com and NPR are correct, more is required to establish specific jurisdiction against WUIS. Website presence is insufficient to establish minimum contacts in a jurisdiction. The fact that WUIS participates in TuneIn.com or NPR does not mean that WUIS deliberately targets Indiana consumers. See *Illinois v. Hemi Group LLC,* 622 F.3d 754, 760 (7th Cir. 2010). Moreover, specific jurisdiction only exists when the relation between the defendant and the forum state arise out of contacts that the defendant itself creates in the state. The contacts a third party makes with the forum state do not create specific jurisdiction over the defendant. See *Advanced Tactical,* 752 F.3d at 801. Philpot provides no evidence that WUIS has done more to target Indiana's

consumers, and more is required to establish specific jurisdiction. *be2LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011). *See, e.g., Advanced Tactical,* 752 F.3d at 802 (finding that a company failed to target the forum state's market, even though a company sent emails to customers and subscribers in the forum state).

Philpot also fails to bring a prima facie case that satisfies general jurisdiction. Under general jurisdiction, a plaintiff must show that "defendant has continuous and systematic general business contacts with the forum." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). Such contact must be so extensive "that it would be fundamentally fair to require [defendant] to answer in an Indiana court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Purdue,* 338 F.3d at 787 (emphasis in the original). Philpot argues that WUIS's TuneIn.com participation generates revenue from Indiana as does the University of Illinois's varsity athletic programs that follow the guidelines established by the NCAA, an organization headquartered in Indianapolis. Philpot contends that "WUIS's contact with the State of Indiana are tantamount to the Defendant being constructively present in the State of Indiana." [Filing No. 20, at ECF p. 8.]

The Magistrate Judge disagrees. WUIS is not located in Indiana, has no office or employees in Indiana, is not incorporated in Indiana, and is part of an Illinois public institution. [Filing No. 11, at ECF p. 8-9; Filing No. 11-1.] Philpot presents no evidence of WUIS having direct contact in Indiana. Instead, Philpot relies on WUIS's affiliation with other organizations as evidence that WUIS has direct contact with Indiana. Personal jurisdiction is based on the defendant's conduct in the forum state, not the conduct of third-party organizations with which WUIS is affiliated, or the location at which the injury took place. *Advanced Tactical,* 751 F.3d

4

at 802.[1]  Even if Philpot's argument was correct and WUIS was constructively present in Indiana, this still would not satisfy the requirements of general jurisdiction.  A defendant's presence in the forum state must approximate physical presence in order to satisfy the high threshold for general jurisdiction.  *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).  WUIS's "constructive presence" in Indiana does not satisfy this high threshold.  Thus, Philpot has failed to establish that this Court has personal jurisdiction over WUIS.

WUIS's motion to dismiss contains additional arguments for dismissing Philpot's case.  WUIS argues that it is protected under the Eleventh Amendment as a University of Illinois radio station, that the Southern District of Indiana is the wrong venue for the case, and that Philpot's service of process was improper.  The Magistrate Judge does not address these additional arguments based upon the finding that the Court does not have personal jurisdiction over the matter at hand.

For these reasons, the Magistrate Judge recommends that WUIS's motion to dismiss [Filing No. 10] be granted.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 6/11/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

---

[1]  Plaintiff cites to a Second Circuit case to argue that the location where the injury occurred is relevant in determining personal jurisdiction.  However, the Seventh Circuit has held that the location of injury is not relevant for determining personal jurisdiction, and as commanding authority in this district, this holding controls.  *Advanced Tactical*, 751 F.3d at 800.

Distribution:

Scott B. Cockrum
HINSHAW & CULBERTSON
scockrum@hinshawlaw.com

David H. Levitt
HINSHAW & CULBERTSON LLP
dlevitt@hinshawlaw.com

Jeffrey S. Dixon
HINSHAW & CULBERTSON LLP
jdixon@hinshawlaw.com

Jessica L. Mullen
HINSHAW & CULBERTSON, LLP
jmullen@hinshawlaw.com

LARRY G. PHILPOT
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236