UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY G. PHILPOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-01791-TWP-TAB |
| ) | |
| WUIS/UNIVERSITY OF ILLINOIS ) | |
| SPRINGFIELD, ) | |
| ) | |
| Defendant. ) | |

## ORDER MODIFYING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendant WUIS/University of Illinois Springfield's ("WUIS") Motion to Dismiss (Filing No. 10). Plaintiff Larry G. Philpot ("Mr. Philpot") initiated this lawsuit against WUIS on October 31, 2014, asserting various copyright claims. WUIS moved to dismiss the action based on lack of subject matter jurisdiction/sovereign immunity, lack of personal jurisdiction, improper venue, and improper service. The Court referred the Motion to the Magistrate Judge for a report and recommendation. Magistrate Judge Tim Baker issued a Report and Recommendation, recommending that the Motion to Dismiss be granted (Filing No. 29).

As an initial matter, a district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and

recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Mr. Philpot did not file any objections to Magistrate Judge Baker's Report and Recommendation to dismiss his action. However, WUIS timely filed a limited Objection to the Report and Recommendation (Filing No. 31). WUIS does not object to the ultimate disposition of the Report and Recommendation that its Motion to Dismiss should be granted. Rather, WUIS asks the Court to expand upon the analysis of the Report to also consider and reach the merits on WUIS's argument concerning a lack of subject matter jurisdiction based on Eleventh Amendment sovereign immunity. WUIS asks the Court to include this additional basis for dismissing Mr. Philpot's action so that this issue would be resolved in the event Mr. Philpot re-filed this action in a jurisdiction which does have subject matter jurisdiction.

Upon review, the Court finds no error of law or fact in the Report and Recommendation. While WUIS requests that the Court reach the merits on the subject matter jurisdiction/sovereign immunity issue, the Court is not required to do so. As the Seventh Circuit Court of Appeals has explained, "a district court may dismiss for lack of personal jurisdiction without determining whether subject-matter jurisdiction exists." *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 n.2 (7th Cir. 2000); *see also Erno Kalman Abelesz v. OTP Bank*, 692 F.3d 638, 646 n.2 (7th Cir. 2012) (court declined to address arguments concerning subject matter jurisdiction, the act of state doctrine, the political question doctrine, treaty-based arguments, and statutes of limitations because the dismissal was resolved on the basis

of lack of personal jurisdiction).  Further, the Supreme Court has noted that "there is no unyielding jurisdictional hierarchy.  Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry."  *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).

Nevertheless, the Court is persuaded that dismissal is also warranted based on Rule 12(b)(1); therefore, it will modify the Report and Recommendation accordingly.  WUIS is a public radio station owned and operated by the University of Illinois and governed by the University's Board of Trustees.  (Filing No. 20-4 p. 17.)  The Eleventh Amendment to the United States Constitution provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  A state, therefore, is immune from suit by an individual unless such state consents to be sued.  The Seventh Circuit has previously acknowledged that Illinois's public universities, including the University of Illinois, are entitled to the protection of the Eleventh Amendment.  *Goshtasby v. Board of Trustees of the University of Illinois*, 123 IF.3d 427 (7th Cir. 1997).  Importantly, none of the exceptions to a state's sovereign immunity apply here as there has been: (1) no waiver by the State; (2) no abrogation of the immunity by Congress through a valid exercise of its congressional powers; and (3) the suit is not against state officials or seeks prospective equitable relief for on-going violations of federal law.  See *Ind. Prot. & Advocacy Servs. v. Ind. Family & Social Servs. Admin.*, 603 F.3d 365 (7th Cir. 2010).  Accordingly, this court also lacks subject matter jurisdiction.

The Court **SUSTAINS** WUIS's limited objection (Filing No. 31) and modifies the Magistrate Judge's Report and Recommendation as follows:   The Motion to Dismiss is

**GRANTED** as this Court does not have personal jurisdiction over the matter at hand and WUIS is protected by sovereign immunity under the Eleventh Amendment. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation ([Filing No. 29](Filing No. 29)) as modified herein, **GRANTING** WUIS's Motion to Dismiss ([Filing No. 10](Filing No. 10)). Final judgment will issue by separate order.

    **SO ORDERED.**

Date: 8/25/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Larry G. Philpot
8125 Halyard Way, 1st Floor
Indianapolis, Indiana 46236

Scott B. Cockrum
HINSHAW & CULBERTSON LLP
scockrum@hinshawlaw.com

David H. Levitt
HINSHAW & CULBERTSON LLP
dlevitt@hinshawlaw.com

Jeffrey S. Dixon
HINSHAW & CULBERTSON LLP
jdixon@hinshawlaw.com